UNITED STATES of America for the Use and Benefit of Philip E. WARREN, Plaintiff,

v.

Alva E. KIMREY and St. Paul Fire and Marine Insurance Company, Defendants.

J. E. McGarity, Intervenor.

No. PB 72 C–110.

United States District Court, E. D. Arkansas, Pine Bluff Division.

May 16, 1973.

Carlton Currie, Pine Bluff, Ark., for plaintiff.

Jay W. Dickey, Jr., Dickey, Dickey & Drake, Pine Bluff, Ark., for defendants.

John Harris Jones, Jones, Matthews & Tolson, Pine Bluff, Ark., for intervenor.

## ORDER

OREN HARRIS, Chief Judge.

The plaintiff brings this action under the provisions of what has become generally known as the "Miller Act", 40 U.S.C. § 270b. It is based on a public works contract between the United States of America and the defendant, Alva E. Kimrey, to be performed and executed at the Pine Bluff Arsenal, Pine Bluff, Arkansas, a government installation, consummated on or about May 21, 1971).

The plaintiff, Phillip E. Warren, is a resident of Springdale, Arkansas, and the defendant, Alva E. Kimrey, is a resident of Caney, Kansas. The defendant, St. Paul Fire and Marine Insurance Company, is a corporation organized under a state other than Arkansas with its principal place of business in St. Paul, Minnesota, and authorized to do business in the State of Arkansas. The defendant, St. Paul Fire and Marine Insurance Company, became surety on a performance bond for the defendant, Alva E. Kimrey, owner of Caney Iron & Metal of Caney, Kansas. The performance bond was executed on June 21, 1971, in the penal sum of $250,000 to the United States of America for the performance of a contract the defendant, Alva E. Kimrey, entered into with the United States Government in Contract No. DACA 63–71–0284, dated May 21, 1971.

The contract between the Government, through the Office of the District Engineer, Forth Worth District, Corp of Engineers, was pursuant to invitation and bids for the purchase and removal from the Pine Bluff Arsenal under the terms and conditions of the sale and instructions to bidders, as included in the invitation and bids. The terms of the contract, as included in the invitation, provided for the sale of property, the purchase price of which was to be included in the demolition of certain buildings and their removal from the property and the restoration of the site and adjacent areas of operation within the limits of the contract, in a manner and to a condition, satisfactory to the District Engineer.

As a part and parcel of the bid price for the purchased property, there is included in the contract a consideration requiring that all buildings, structures, railroad track, piping, and machinery and equipment to be removed from the installation and the building sites and adjacent areas left clean, smooth, and free of debris and rubble.

Also included in the contract with the Government, the defendant Kimrey was required to remove all concrete or concrete block foundations, concrete piers, steps, concrete slabs, paved walks, concrete floors, concrete pits, concrete ramps, macadam ramps, including timber retaining wall and concrete platforms to be removed to a minimum depth of 6 inches below the ground surface. Pursuant to the terms of the contract, the defendant Kimrey was also required to fill with compacted fill dirt all pits and all excavations resulting from removals of the buildings and further required to grade surrounding ground level to preserve natural drainage. The defendant Kimrey, as a part of the contract, was required to use soil for fills which would equal the quality to the soil existing from that available nearby.

In addition, as a part of the contract for removal of the purchased property, the defendant Kimrey was required to remove all of the track, switches, and ties from the installation, but the track not included in the sale was required to be left in operating condition, including replacing of removed switches with straight track.

The contract, the basis of the Complaint in this proceedings, is a public works contract calling for the removal of certain property and its sale at a nominal price on the basis that the property would be restored and placed in condition for its future utilization by the Government.

■ From a review of the contract between the Government and the defendant, Alva E. Kimrey, the terms and conditions required to be performed by the contractor, it is quite apparent and the Court concludes that it comes within the provisions of Title 40, U.S.C. § 270a et seq.

The Court further concludes that there is diversity of citizenship in that the parties involved are citizens of different states and the amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

Pursuant to the terms of the contract between the Government and the defendant, Alva E. Kimrey, Kimrey, as the purchaser, furnished a performance bond with defendant, St. Paul Fire and Marine Insurance Company, as surety. It was in lieu of a required deposit of a certified check or cashier's check in an amount equal to the total performance deposit specified for all items in order to insure faithful performance under the contract. The amount of the performance bond, with surety, was a total of $250,000.00, in lieu of performance deposit under the Contract of Item No. 1 in the sum of $175,000.00, and Item No. 2 in the sum of $75,000.00.

It is provided by 40 U.S.C. § 270a, that a contract for public works of the United States, awarded to any person, exceeding $2,000.00 in amount, that such person shall furnish to the United States of America as "contractor":

(1) A performance bond with surety in such amount as determined adequate for the protection of the United States.

(2) A payment bond with surety satisfactory for the protection of all persons supplying labor and material in the prosecution of the work provided in the contract for the use of each such person.

The defendant, St. Paul Fire and Marine Insurance Company, has filed a Motion to Dismiss on the basis that the provisions for a "statutory contractor's bond" require two separate kind of bonds to be executed by the contractor. The defendant admits the issuance of a performance bond on June 21, 1971, on the United States Government Contract No. 63-71-0284. It is further contended by the defendant, St. Paul Fire and Marine Insurance Company, that the relief prayed for by the plaintiff in the Complaint relates to relief under a payment bond which is an additional obligatory instrument other than a performance bond.

Under the terms of the contract, paragraph 8, it is provided:

"In addition to the payments required under paragraph 5 above, each successful bidder will, within 15 calendar days after notice of acceptance of his bid by the Government deliver to the said District Engineer a certified check, or cashier's check, payable to the order of the 'Treasurer of the United States,' in an amount equal to the total of the performance deposits specified below for all items on which he is the successful bidder, in order to insure faithful performance under this contract. The amount of the performance deposit required for each item is as follows:

| Item No. | Performance Deposit |
| --- | --- |
| 1 | $175,000 |
| 2 | $ 75,000" |

The performance bond provided by the defendant, St. Paul Fire and Marine Insurance Company, is in lieu of the deposit of the certified check or cashier's check referred to in paragraph 8 referred to hereinabove. It is to take the place of the total of the performance deposit and purpose for which the deposit was to be made.

The performance bond, acceptable to the District Engineer, as provided by the defendant, St. Paul Fire and Marine Insurance Company, refers to the contract as subject to the Miller Act, as amended (40 U.S.C. §§ 270a–270c).

■ It is well established in case law too numerous to cite that § 270a should be liberally construed in carrying out the purposes for which it was enacted. It is also well established that §§ 270a–270d provide inter alia

protection of persons furnishing labor and material in connection with public works contracts and a procedure whereby there is a right to recover from the principal and the surety for both work and material supplied in the performance of the contract. See 40 U.S.C.A. § 270a—page 403.

■ The parties have submitted Briefs as to their respective contention. The plaintiff relies heavily on American

Casualty Co. v. Brezina Construction Co., 295 F.2d 603 (8th Cir. 1961). The defendant, St. Paul Fire and Marine Insurance Company, would distinguish Brezina from its application in the instant case. The Court has reviewed Brezina and other cases cited and concludes that the Government, through the Corp of Engineers, accepted the defendant's performance bond in lieu of the certified or cashier's check which would have complied in every respect with the guarantee required by both bond types referred to in the statutory bond requirement. 40 U.S.C. § 270a. Cf. United States v. Zara Contracting Co., 2 Cir., 146 F.2d 606.

The motion of the defendant, St. Paul Fire and Marine Insurance Company is without merit and should be denied.